The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This opinion is being issued in response to your recent question regarding the licensing requirements for engaging in physical and spiritual therapy that involves what you refer to as "a type of hands on therapy." You have indicated that one of your constituents is a lay minister who provides such service to her clients. On behalf of that constituent, you have presented the following question:
 If a person is fully licensed as a minister in conformity with the laws of Arkansas, does he or she need any other license under Arkansas law in order to provide physical and spiritual therapy that involves "hands on therapy"?
It is my opinion that the "hands on therapy" in question could constitute an activity for which licensure is required; however, I am unable to give a conclusive opinion as to this matter without being provided with more information about the activity. You have not indicated specifically what is entailed in "hands on therapy." A determination of whether that activity falls within the definition of any of the activities for which licensure is required in Arkansas is therefore impossible.
I might also note that even if such specific information were provided, a determination of whether the activity would require licensure is likely one that my office is not authorized to make. For example, only a court could determine whether a particular hands-on activity constitutes "physical therapy" within the meaning of the Physical Therapy Act [A.C.A. § 17-93-101 et seq.] That act defines "physical therapy" as:
 the treatment of a human being by the use of exercise, massage, heat or cold, air, light, water, electricity, or sound for the purpose of correcting or alleviating any physical or mental condition, or preventing the development of any physical or mental disability, or the performance of tests of neuromuscular function as an aid to the diagnosis or treatment of any human condition. However, physical therapy shall not include radiology or electrosurgery.
A.C.A. § 17-93-102(1).
The language of this definition is broad and is therefore susceptible to various interpretations. Thus, for example, it would be necessary for a court to determine whether a particular activity constitutes "the use of exercise, massage, heat or cold, air, light, water, electricity, or sound for the purpose of correcting or alleviating any physical or mental condition, or preventing the development of any physical or mental disability."
Because the statutory definitions of many of the activities for which licensure is required in Arkansas are similarly broad, it is unlikely that I will be able to opine definitively on this matter. However, more information about the activity could be enlightening and could indicate similarities to other cases that have already been decided by the courts, in which case I would be able to provide you with the applicable precedents.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General